MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No. CV 14-0020-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Kari Jill Granville, et al., | |
| Defendants. | |

Plaintiff Samuel Louis Fuller, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint (Doc. 1) pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and an Application to Proceed *In Forma Pauperis* (Doc. 2). He has also filed a Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 6). The Court will grant the Application to Proceed, will order Defendant Hansdall to answer a portion of Count Two of the Complaint, will dismiss the remaining claims and Defendants, and will deny the Motion for a Preliminary Injunction and Temporary Restraining Order.

. . . .

---

[1] Although Plaintiff brought his Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he has only sued individuals who are acting under color of state law. Therefore, the Court will construe his claims as brought pursuant to 42 U.S.C. § 1983. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." (quoting *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991))).

TERMPSREF

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III.  Complaint

In his two-count Complaint, Plaintiff sues the following Defendants: court-appointed defense attorney Kari Jill Granville, Maricopa County Sheriff's Office (MCSO) Sergeant Hansdall, MCSO Field Training Officer Abbott, and MCSO Visitation/Inmate Property Department Officer Alger.

In Count One, Plaintiff alleges that he has received "ineffective advice of counsel", in violation of his Fourth, Fifth, and Fourteenth Amendment rights, and has been subjected to a "[c]onspiracy to co[]erce incompetency during trial." Plaintiff asserts that when Defendant Granville initially met with Plaintiff, she told him that his case was going to be "unbelievable" if Plaintiff took the stand and testified and that the testimony of nine police officers would likely be more credible. Plaintiff states that Defendant Granville suggested that Plaintiff make his testimony "beli[e]vable," which Plaintiff construed to mean that he should either not testify or testify falsely. Plaintiff contends that when Plaintiff stated that he would testify truthfully, Defendant Granville explained to Plaintiff that "[t]his system is nothing more th[a]n a 'big pimp' and unfortunately [Plaintiff was] on the 'whore' end of the spectrum in this instance." Plaintiff claims he was injured because Defendant Granville tried to persuade him to either fabricate his testimony or waive his right to testify and "disrespected [him] by calling [him] a Hoe!"

In Count Two, Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Although Plaintiff's

rambling allegations are difficult to follow, it appears he is raising two separate claims.

First, it appears that Plaintiff is alleging that he was subjected to retaliation by Defendants Alger and Abbott. Plaintiff asserts that after he filed a grievance regarding Defendant Alger and informed Defendant Alger that he had filed two civil rights lawsuits against another officer, Defendant Alger told Plaintiff that he should not attempt to intimidate MCSO staff. Plaintiff states that he then noticed that he had named Defendant Alger as a defendant in another lawsuit and then spoke to Defendant Alger regarding Defendant Alger's statement that Plaintiff should not attempt to intimidate staff.

Plaintiff contends that Defendant Alger directed other sergeants to target and harass Plaintiff. He claims that the following day, Defendant Alger retaliated against Plaintiff by serving Plaintiff with a disciplinary action report/write-up in which he accused Plaintiff of using "laud" language in an inmate request form. He also asserts that two shift sergeants approached Plaintiff's cell and harassed Plaintiff by making him stand up and show his face while he was sleeping or by telling him to remove a piece of paper from his wall. Plaintiff claims that Plaintiff also contends that on one occasion, Defendant Abbott repeatedly kicked Plaintiff's cell door and demanded that Plaintiff show his face, although Plaintiff was asleep and his identification was in plain view.

Second, Plaintiff alleges that he was subjected to excessive force by Defendant Hansdall. Plaintiff claims that Defendant Hansdall directed other officers to use chemical devices and fire mace, pepper spray bullets, gas fogger bombs, and a taser at Plaintiff in response to Plaintiff's refusal to follow a nurse's instruction that Plaintiff chew in her presence a chewable Tums tablet. He also contends that after the medical department "cleared" Plaintiff, Defendant Hansdall instructed other detention officers to put Plaintiff in a "contaminated" holding cell for three hours. Plaintiff asserts that Defendant Hansdall knew the cell was contaminated and that the holding cell was not well-ventilated and the toilet was filled with urine and feces and would not flush. Plaintiff also claims Defendant Hansdall was acting vicariously for Defendant Alger and another officer.

In his Request for Relief, Plaintiff seeks monetary damages and "interposition by way of [an] injunction order" that requires Plaintiff to be transferred to the custody of the United States Marshal "for the duration and final decision in [his] ongoing criminal prosecution CR-2012-006837-001 DT."

**IV.    Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

**A.    Count One**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. A public defender or court-appointed attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972). However, a public defender engaged in intentional misconduct as a part of a conspiracy with state actors to violate a plaintiff's rights can be liable under § 1983 for that misconduct. *See Tower v. Glover*, 467 U.S. 914, 923 (1984).

To state a conspiracy claim, a plaintiff "must show 'an agreement or 'meeting of the minds' to violate constitutional rights.'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted). The Court "need not, however, accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not support a § 1983 claim).

Plaintiff has used the word "conspiracy," but has not made any allegations of an agreement or meeting of the minds between Defendant Granville and any other individual. Plaintiff has therefore failed to state a claim against Defendant Granville and the Court will dismiss Defendant Granville and Count One.

### B. Count Two – Defendants Alger and Abbott

First, to the extent Plaintiff is alleging that Defendants Alger's and Abbott's conduct constitutes excessive force, he has failed to state a claim. The Fourteenth Amendment Due Process Clause, not the Eighth Amendment, protects pretrial detainees from excessive force that amounts to punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002). "[T]he Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." *Id.* (quoting *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996).

The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted).

Defendants Alger's and Abbott's conduct does not rise to the level of excessive force. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal

TERMPSREF

- 6 -

harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983'" (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979))). Thus, the Court will dismiss without prejudice Plaintiff's excessive force claim against Defendants Alger and Abbott.

Second, to the extent Plaintiff is alleging that he was subjected to retaliation by Defendants Alger and Abbott, he has failed to state a claim. A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff does not allege that the exercise of his First Amendment rights was chilled by Defendants Alger's and Abbott's conduct, that he suffered more than minimal harm from their conduct, or that there was no reasonable correctional goal advanced by their conduct. Thus, the Court will dismiss without prejudice Plaintiff's retaliation claim against Defendants Alger and Abbott.

Finally, to the extent Plaintiff is alleging that Defendant Hansdall was acting vicariously for Defendant Alger, this does not state a claim against Defendant Alger because there is no vicarious liability under § 1983. *Iqbal*, 556 U.S. at 676.

**V.    Claims for Which an Answer Will be Required – Defendant Hansdall**

Liberally construed, Plaintiff has stated a Fourteenth Amendment excessive force

1   claim against Defendant Hansdall in Count Two.  The Court will require Defendant
2   Hansdall to answer Count Two.

3   **VI.    Motion for a Preliminary Injunction and Temporary Restraining Order**

4   In his Motion for a Preliminary Injunction and Temporary Restraining Order,
5   Plaintiff seeks to be transferred to the custody of the United States Marshal "until the
6   conclusion of his state criminal proceeding in . . . . CR 2012-006837-001 DT";[2] to
7   prevent Defendants Hansdall, Abbott, and Alger from engaging in any written, verbal, or
8   physical interaction regarding "any of Plaintiff's criminal proceedings and or institutional
9   functions"; and to prevent "any representation or hand[]ling of discover[y] of the
10  Plaintiff's criminal case."

11  Whether to grant or deny a motion for a temporary restraining order or preliminary
12  injunction is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d
13  1130, 1132-33 (9th Cir. 1979).

### 1.    Temporary Restraining Order

A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).  *See also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

To the extent Plaintiff is seeking a temporary restraining order, he is seeking a temporary restraining order without notice, yet has not certified the "efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B). Because the request for a temporary restraining order fails to comply with Rule

---

[2] On April 21, 2014, Plaintiff pleaded guilty to Attempted Aggravated Assault on a Law Enforcement Officer in CR 2012-006837-001-DT.  *See* http://www.courtminutes.maricopa.gov/docs/Criminal/042014/m6273559.pdf (last visited Aug. 18, 2014).

TERMPSREF

- 8 -

65(b)(1)(B), the Court, in its discretion, will deny that request. *See* LRCiv 65.1. *See also American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting *ex parte* temporary restraining order "when there was no valid reason for proceeding *ex parte* and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such *ex parte* orders"); *Adobe Systems, Inc. v. South Sun Products, Inc.*, 187 F.R.D. 636 (S.D. Cal. 1999).

### 2. Preliminary Injunction

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

To the extent Plaintiff is seeking a preliminary injunction, he has failed to meet his burden and has failed to address many of the elements of the test. Thus, the Court will deny Plaintiff's request for a preliminary injunction.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

TERMPSREF

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 6) is **denied without prejudice**.

(4)     Count One is **dismissed** without prejudice.

(5)     Defendants Granville, Abbott, and Alger are **dismissed** without prejudice.

(6)     Defendant Hansdall must answer the relevant portion of Count Two.

(7)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Hansdall.

(8)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

TERMPSREF

(9)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(10)   The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)   The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

...

(12) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13) Defendant must answer the relevant portion of Count Two of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 12th day of September, 2014.

_____
David G. Campbell
United States District Judge

TERMPSREF