JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No. CV 14-0020-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Kari Jill Granville, et al., | |
| Defendants. | |

Plaintiff Samuel Louis Fuller brought this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) Before the Court is Plaintiff's Preliminary Injunction; Notice of Errata No. 1 ("Motion"). (Doc. 54.) The Court will deny the Motion.

**I.     Background**

In his two-count Complaint, Plaintiff named as Defendants his court-appointed defense attorney Granville, and Maricopa County Sheriff's Office ("MCSO") Officers Hadsall, Abbott, and Alger. In its screening Order, the Court found that Plaintiff stated a claim of excessive force against Defendant Hadsall and dismissed the other claims and Defendants. (Doc. 11.)

In his Motion, Plaintiff asserts that MCSO's Inmate Legal Services ("ILS"), without his consent or direction, filed with the Court his First and Second Set of Interrogatories and his First Request for Admissions.[1] (Doc. 54 at 1.) Plaintiff states that

---

[1] In a prior Order, the Magistrate Judge struck those discovery requests and directed the filing a separate notice of service in accordance with Local Civil Rule 5.2.

he only requested ILS to forward copies of those documents to the Maricopa County Attorney's Office and he did not instruct ILS to file them with the Court. (*Id.* at 2.) Plaintiff acknowledges the Court's prior Order (Doc. 47) that parties are not to file with the Court their disclosures or requests for disclosures, and he alleges that ILS is engaging in a "campaign of harassment" by filing documents he has marked as "do not file." (*Id.* at 3-4.) Plaintiff contends that ILS is conducting this campaign of harassment in concert with Defendant Hadsall, and that it is affecting his wherewithal to litigate the various civil actions he has in this Court and is causing him psychological distress. (*Id.* at 3-4.) Plaintiff asks the Court to order Rose Perry (A7879) in ILS to answer these allegations. (*Id.* at 9.)

## II.     Discussion

As a preliminary matter, a court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2). While Plaintiff alleges that ILS is acting in concert with Defendant Hadsall, he has presented no evidence of joint action between Defendant Hadsall and ILS, which precludes issuance of an injunction.

Alternatively, even if the Court could address Plaintiff's request for relief, he fails to satisfy the requirements for a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (movant must show he is likely to succeed on the merits, likely to suffer irreparable harm, that the balance of equities tips in his favor, and that an injunction is in the public interest). First, it is not clear what relief Plaintiff seeks, other than a response from Perry "that she either is without or within a lawful policy of the State of Arizona to conduct business as only a 'creeping thing' would how; foxes like squ[i]rr[e]ls like rats even like a parrots . . . must need be subdued." (Doc. 54 at 9.) Second, to the extent Plaintiff seeks relief concerning his access to the courts,[2] he must

---

(*See* Doc. 57.)

    [2] Plaintiff's request for injunctive relief is not related to his Fourth Amendment excessive force claim; however, if a preliminary injunction concerns access to the courts,

- 2 -

submit evidence showing an "actual injury" resulting from a defendant's actions. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim"). Plaintiff presents only a general allegation that his ability to litigate has been affected; he does not show that he has been unable to present a claim or that he actually missed a deadline. As such, he fails to allege any actual injury.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Preliminary Injunction; Notice of Errata No. 1 (Doc. 54), and Plaintiff's Preliminary Injunction; Notice of Errata No. 1 is **denied**.

Dated this 10th day of August, 2015.

_____
David G. Campbell
United States District Judge

---

the merits of the underlying suit need not be considered. *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

- 3 -