**MGD**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No. CV 14-0020-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Kari Jill Granville, et al., | |
| Defendants. | |

Plaintiff Samuel Louis Fuller brought this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 41.) Before the Court is Plaintiff's "Renewed Request for Issuance of a Subpoena to Granville: Injunction" ("Motion"). (Doc. 87.) In a prior Order, the Magistrate Judge addressed the portion of the Motion requesting a subpoena, and left the request for injunctive relief pending. (Doc. 92.) The Court will deny the request for injunctive relief.

**I.    Background**

In the Court's screening Orders, the Court found that Plaintiff stated a claim of excessive force against Defendant Hadsall and dismissed the other claims and Defendants. (Docs. 11, 40.) In his Motion, Plaintiff asserts that he is being harassed by MCSO "jailers." (Doc. 87 at 1.) Plaintiff alleges that on July 4, 2015, he was using the toilet in his cell and was behind a pink bed sheet which was hung to create a sense of privacy. Officer B2430 was on a security walk, stopped at Plaintiff's cell, and asked if

Plaintiff was alright or alive.  Plaintiff advised the officer that he was well.  Officer B2430 responded that Plaintiff knew that he was "to show officer(s) his hands."  (*Id.*)  Plaintiff again said that he was well.  The officer then entered Plaintiff's cell and removed the sheet, exposing Plaintiff.  The officer said, "n[]ow you know when I tell you to show me your hands, you raise them."  (*Id.* at 3.)  Plaintiff claims that Officer B2430 was aggressive toward him at all times.  Plaintiff requests an injunction "because Officer B2430 does not work or actually position as security in pod 2B1.35 instead is stationed in medical MCCHS with anticipated defendant LPN Stephaine [sic] Soto . . . and this above incident is suspect in the manner like unto Sergeant's Hadsall action(s) with plaintiff."  (*Id.* at 4.)

Plaintiff further alleges that "MCSO jailers" have barred him from the grievance process and have failed to respond to his grievances since May 5, 2015.  Plaintiff avers he has "no other vehicle to address his issue as they seriously relate to his entire well being in custody of person(s) acting in concert with the Defendant Hadsall[.]"  (Doc. 87 at 4.)  Plaintiff states that he is "SMI" (seriously mentally ill) "and is easily threaten[ed] which increases p[sy]chosis."  (*Id.*)  Plaintiff seeks an injunction "against MCSO jails custody at all times Plaintiff's criminal case . . . is pending and this instan[t] action is being litigated."  (*Id.* at 5.)

## II.   Discussion

As a preliminary matter, it is not clear against whom Plaintiff seeks an injunction.  His Motion discusses Officer B2430, who is not a Defendant in this action, and he requests an injunction against the "MCSO jails."  As to Officer B2430, a court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party.  Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction

1  over the claim; it may not attempt to determine the rights of persons not before the
2  court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110
3  (1969).  While Plaintiff alleges that MCSO "jailers" and Officer B2430 are acting in
4  concert with Defendant Hadsall, he has presented no evidence of joint action between
5  Defendant Hadsall and Officer B2430, which precludes issuance of an injunction against
6  Officer B2430.

7  As to the "MCSO jails," claims under § 1983 are directed at "bodies politic and
8  corporate."  *Monell v. Dep't of Soc. Svcs. of New York*, 436 U.S. 658, 688-89 (1978).
9  Under the Civil Rights Act of 1871, Congress intended municipalities and other local
10  government units to be included among those persons to whom § 1983 applies.  *Id.* at
11  689-690.  Because a jail is neither a corporation nor a body politic, it is not a "person" for
12  purposes of § 1983.  *See, e.g., Petaway v. City of New Haven Police Dep't*, 541 F.
13  Supp.2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Tp.*, 227 F. Supp.2d 361 (E.D. Pa.
14  2002).  Therefore, the Court does not have jurisdiction to issue an injunction against the
15  "MCSO jails."

16  Alternatively, even if the Court could address Plaintiff's request for injunctive
17  relief, he fails to satisfy the requirements for a preliminary injunction.  *See Winter v.*
18  *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  First, it is not clear what relief
19  Plaintiff seeks when he merely requests an injunction against the "MCSO jails" while his
20  criminal case and this case are pending.  As Defendant notes, Plaintiff does not say "what
21  exactly is requested, i.e., don't yell, don't tear down privacy sheets, don't ask for hands to
22  be displayed, etc.?"  (Doc. 95 at 4.)  Nor has Plaintiff presented any evidence addressing
23  the *Winter* factors.  Plaintiff's request for injunctive relief will be denied.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's request for injunctive relief in his "Renewed Request for Issuance of a Subpoena to Granville: Injunction" (Doc. 87), and Plaintiff's request for injunctive relief is **denied**.

Dated this 28th day of August, 2015.

_____
David G. Campbell
United States District Judge