KAB

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No. CV 14-00020-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Kari Jill Granville, et al., | |
| Defendants. | |

Plaintiff Samuel Louis Fuller, who is currently confined in Maricopa County Fourth Avenue Jail, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 41.) Pending before the Court are: (1) Plaintiff's "Full Adversary Hearing pursuant to Rule 611(b) Fed R. of Evid." (Doc. 120), which is construed as a motion seeking a preliminary injunction; (2) the portion of Plaintiff's "Intervene, Intervene, Intervene!!! 9/11" (Doc. 126), which seeks injunctive relief[1]; and (3) "Plaintiff's Request to Conduct Jail House Depositions of a Prisoner" (Doc. 128), which the Magistrate Judge construed as a motion seeking injunctive relief (*see* Doc. 135).

The Court will deny Plaintiff's Motions.

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an excessive force claim in Count II against Defendant Hadsall and directed

---

[1] The Magistrate Judge previously denied that part of Plaintiff's Motion that sought to supplement his First Amended Complaint. (*See* Doc. 129.)

Defendant Hadsall to answer. (Doc. 40.) The Court dismissed the remaining claims and Defendants. (*Id.*)

## II. Plaintiff's "Full Adversary Hearing pursuant to Rule 611(b) Fed R. of Evid." (Doc. 120)

In his Motion, Plaintiff alleges that Defendant Hadsall used excessive force on Plaintiff due to policies instituted by Sheriff Joseph Arpaio and the Maricopa County Sherriff's Office (MCSO). Plaintiff specifically objects to that part of a policy which allows an officer "to balance the need to control the subject against the intrusion or impact of the capture." (Doc. 120 at 5.) Plaintiff argues that the "use of force policy" should not be used on closed custody inmates with serious mental illness." (*Id.* at 7.) Plaintiff also asserts that the force used on him goes against the policy and procedure governing use of force. (*Id.* at 10.) In the remainder of his Motion, Plaintiff appears to attempt to prove that the force that Defendant Hadsall used against him was "excessive." (*Id.* at 1-12.) It is unclear what injunctive relief Plaintiff seeks because the last three pages of Plaintiff's Motion were not filed with the Court. (*See* Doc. 120 at 12 (showing that last page before exhibits is "12 of 15.")) In his Reply, Plaintiff asserts that he seeks a preliminary injunction preventing "detention officers at the jail from violating their own regulations." (Doc. 131 at 3.)

Because the Court does not have the last three pages of Plaintiff's motion, the Court cannot ascertain the full relief that Plaintiff seeks from the Court. The Court notes, however, that Plaintiff's requests for relief appear to be premised on policy, practice, and custom claims that are not alleged in the First Amended Complaint. Because the relief Plaintiff seeks appears to exceed the scope of his First Amended Complaint, the Court does not have jurisdiction to grant Plaintiff such relief. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). Moreover, Plaintiff appears to seek an injunction against Sheriff Arpaio and all detention officers at the Maricopa County Fourth Avenue Jail, none of whom is a

defendant in this action. A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). Plaintiff has not established that the Court has jurisdiction to issue an injunction against the Sheriff and all officers at the Maricopa County Fourth Avenue Jail.

Because the scope of relief that Plaintiff seeks is unclear, because Plaintiff appears to seek relief outside the scope of his First Amended Complaint, and because Plaintiff seeks relief against non-parties, his "Full Adversary Hearing pursuant to Rule 611(b) Fed R. of Evid." will be denied.

**III.     Plaintiff's "Intervene, Intervene, Intervene!!! 9/11" (Doc. 126)**

Plaintiff seeks injunctive relief against the Inmate Legal Service Division at the Fourth Avenue Jail ("I.L.S."). (Doc. 126.) Plaintiff asserts that Defendant Hadsall is in "active concert" with I.L.S. because, in response to interrogatories, Defendant Hadsall responded that "as a sergeant he does give orders to officers, who are expected to obey reasonable and legal orders," and that part of his duties include scanning Inmate Legal Request forms to see whether there is an urgent matter and then forwarding the form to Inmate Legal Services. (Doc. 126 at 22, 27.)

Plaintiff asserts that I.L.S. has retaliated against him for his claims against Defendant Hadsall by (1) "interfering" with Plaintiff "contacting officers of the court," (2) depriving Plaintiff of the right to "publish his litigation," and (3) "subverting" "plaintiff's request for intervention and or relief through institutional grievance process and is harassment today." (Doc. 126 at 4). Specifically, Plaintiff alleges that I.L.S. has

refused to forward correspondence to certain lawyers and investigators. (*Id.* at 5-9.) Plaintiff requests an Order to "direct[,] instruct[,] or order Inmate Legal Services to maintain their Rules and Regulations Guidelines for Pro Per Inmate" and that Plaintiff be permitted without interference to communicate with officers of the Court. (*Id.* at 126 at 12-13.)

Based on the exhibits attached to his Motion, Plaintiff's argument appears to be that he should not be charged for postage and copying with respect to letters he submits to attorneys through I.L.S. Plaintiff objects to Inmate Legal Services' rejection of free postage and copying on the basis that Plaintiff is not represented by any of the attorneys to whom he wishes to send mail.[2]

The Court does not agree with Plaintiff that Defendant's responses to Plaintiff's interrogatories show that Defendant is acting in concert with I.L.S. such that the Court would have jurisdiction to issue an injunction against I.L.S. in this case. Contrary to Plaintiff's assertions, Defendant's responses do not indicate that he has had any contact with I.L.S. in determining whether Plaintiff's correspondence is legal mail, and Plaintiff has not shown that I.L.S. is otherwise acting in concert with Defendant Hadsall or retaliating against Plaintiff for filing this action. Accordingly, the Court does not have jurisdiction to issue the injunction requested by Plaintiff. Moreover, Plaintiff's complaints about I.L.S. exceed the scope of the First Amended Complaint and do not implicate Plaintiff's ability to access the court in this action. Accordingly, Plaintiff's "Intervene, Intervene, Intervene!!! 9/11" will be denied.

**IV.   Plaintiff's Request to Conduct Jail House Depositions (Doc. 128)**

Plaintiff requests that he be permitted to interview Brian Ortiz, an inmate in the Fourth Avenue Jail. Plaintiff asserts that he does not want to take depositions and, thus, need not demonstrate that he can pay for such depositions as required by the Court's

---

[2] The letters not sent by I.L.S., which Plaintiff attached as exhibits to his motion, appear to concern Plaintiff's criminal case and a different civil case, CV 13-1296-PHX-DLR (JFM).

- 4 -

1  Scheduling Order. Plaintiff asserts that he wants to ask Brian Ortiz about closed custody
2  housing arrangements relating to ID headcounts, medication pass out, cell extractions,
3  and placement by MCSO staff. Plaintiff further asserts that Ortiz was present "during the
4  times of the incident here before this court" and "possess[es] material information to the
5  support and attack of a claim." (Doc. 128 at 4.) Plaintiff asserts that Ortiz can testify that
6  Defendant's cell extraction did not comply with MCSO policy. (*Id.* at 5.)

7  Defendant responds that he does not object to the interview taking place, but
8  advises the Court that Mr. Ortiz is no longer in MCSO custody and is now confined in the
9  Arizona Department of Corrections. (Doc. 138 at 1.) Defendant asserts that if Plaintiff
10 wants to conduct a telephonic interview with Mr. Ortiz, the jail will cooperate by making
11 Plaintiff available, but Defendant asserts that the cost of the call should be borne by
12 Plaintiff and not the jail. (*Id.* at 3.) Defendant also questions the usefulness of an
13 interview, considering that it appears that Plaintiff already knows what Mr. Ortiz will say
14 and the interview itself cannot be used at trial. (*Id.*) Defendant notes that the relevancy of
15 Mr. Ortiz's proposed testimony as to housing arrangements, headcounts, and cell
16 extractions is not clear. (*Id.*) Additionally, Defendant asserts that, pursuant to Rule 31 of
17 the Federal Rules of Civil Procedure, Plaintiff can conduct the deposition of Mr. Ortiz
18 through written questions. (*Id.* at 4.) Finally, Defendant asserts that the time for
19 discovery has ended and Plaintiff cannot show good cause to allow a deposition at this
20 late date. (*Id.*)

21 Plaintiff did not file a reply in support of his motion.

22 Plaintiff has not shown how an interview with Mr. Ortiz will assist him in this
23 action. It appears that Plaintiff knows the content of Mr. Ortiz's testimony, and an
24 informal interview would not be admissible at trial. Plaintiff has not moved to depose
25 Mr. Ortiz through written questions, and the discovery deadline has passed in any event.
26 *See* Doc. 47, Scheduling Order ("All motions regarding discovery and disclosure shall be
27 filed by August 28, 2015"). Plaintiff has not shown good cause why discovery should be
28 reopened to permit a deposition by questions of Mr. Ortiz. *See Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16 permits a scheduling order to be modified only upon a showing of good cause by the party seeking amendment); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (In the context of motions to reopen discovery, good cause requires the movant to show it "diligently pursued its previous discovery opportunities").  For the foregoing reasons, Plaintiff's Request to Conduct Jail House Depositions of a Prisoner" (Doc. 128) will be denied.

**IT IS ORDERED:**

(1)    Plaintiff's Full Adversary Hearing pursuant to Rule 611(b) Fed R. of Evid. (Doc. 120) is **denied**.

(2) The part of Plaintiff's "Intervene, Intervene, Intervene!!! 9/11" (Doc. 126), which seeks injunctive relief is **denied**.

(3) "Plaintiff's Request to Conduct Jail House Depositions of a Prisoner" (Doc. 128) is **denied**.

Dated this 10th day of November, 2015.

David G. Campbell
United States District Judge