KAB

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No. CV 14-00020-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Kari Jill Granville, et al., | |
| Defendants. | |

Plaintiff Samuel Louis Fuller, who is currently confined in Maricopa County Fourth Avenue Jail, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 41.)

Plaintiff filed "Plaintiff's Ex Parte Motion with Exhibits 1, 2, and 3" (Doc. 154.) In his "motion" Plaintiff asserts that "the matters [in the motion] are not intended for the Court's response, however the record is substantiative [sic] enough that Plaintiff believes such contentions may well better appropriate the manner of proceedings this case styles, by the Plaintiff's ex parte communication to undersigned counsel on the record." (Doc. 154 at 1.) Attached to the "motion" is a letter written to defense counsel, which contains statements that could be construed as threats. Indeed, nothing in "Plaintiff's Ex Parte Motion with Exhibits 1, 2, and 3" is relevant to the issues in this case and the "motion" does not assist the Court in determining the merits of Plaintiff's claims and does not add to the substantive claims. Accordingly, the Court will deny the Motion and strike it from the Record.

Moreover, the Court is compelled to inform Plaintiff that "harassing, coercive, argumentative, threatening or similar statements to opposing counsel will not be permitted." *Sanders v. Delta Airlines, Inc.*, 2014 WL 2859135, No. CIV 13-1440-TUC-CKJ, at *3 (D. Ariz. June 23, 2014). If Plaintiff does not proceed with civility in this case, the Court will impose appropriate sanctions, including, if necessary, dismissal of his complaint. *See id.* (citing cases where Plaintiff's complaint dismissed as a sanction for threats on defense counsel); Fed. R. Civ. P. 11(b) (a party must not present a motion to the Court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.").

**IT IS ORDERED** that "Plaintiff's Ex Parte Motion with Exhibits 1, 2, and 3" (Doc. 154) is **denied** and the Clerk of the Court must strike "Plaintiff's Ex Parte Motion with Exhibits 1, 2, and 3" (Doc. 154) from the docket in this action.

Dated this 12th day of January, 2016.

_____
David G. Campbell
United States District Judge