KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No.  CV 14-00020-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Kari Jill Granville, et al., | |
| Defendants. | |

Plaintiff Samuel Louis Fuller, who is currently confined in Maricopa County Fourth Avenue Jail, brought this civil rights case pursuant to 42 U.S.C. § 1983.  (Doc. 41.)   Pending before the Court is "Plaintiff's § 144 Bia[s] or prejudice of judge/Affidavit," (Doc. 163) in which Plaintiff seeks recusal of the undersigned judge.

Plaintiff seeks recusal under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a

1

> certificate of counsel of record stating that it is made in good
> faith.

2

28 U.S.C. § 144.

3

4

To be entitled to relief under §144, a party must submit a proper motion and affidavit. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).  If a proper motion and affidavit are submitted, the judge still must determine the legal sufficiency of the affidavit filed pursuant to § 144.  If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under § 144.  *Id.*  "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."  *Id.*

5

6

7

8

9

10

11

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (internal citation omitted).  "Ordinarily, the alleged bias must stem from an 'extrajudicial source,'" and judicial rulings by themselves do not constitute a valid basis for recusal.  *Id.* at 1454.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* (internal citation omitted.)

12

13

14

15

16

17

18

19

20

21

Plaintiff seeks recusal of the undersigned because (1) the undersigned denied Plaintiff's motions for injunctive relief, (2) the undersigned has allowed Defendant to harass Plaintiff because the Court has not commented on Defendant's references to Plaintiff's mental state in response to motions and is biased against Plaintiff on the basis of his disabilities, and (3) the Court improperly warned Plaintiff in its January 26, 2016 Order (Doc. 157) that "harassing, coercive, argumentative, threatening or similar statements to opposing counsel will not be permitted."

22

23

24

25

26

27

28

Plaintiff's motion and "affidavit" do not comply with §144 and Plaintiff is not

1   entitled to relief under § 144.  First, although the title of Plaintiff's motion has the word

2   "affidavit" in it, Plaintiff has not submitted a proper affidavit in compliance with 28

3   U.S.C. § 1746 to support his motion.  *See* 28 U.S.C. § 1746 (requiring unsworn

4   declaration to be under penalty of perjury).  Moreover, to be entitled to referral of his

5   motion to another judge, Plaintiff must specifically allege facts that fairly support the

6   contention that the undersigned exhibits bias or prejudice toward Plaintiff that stems from

7   an extrajudicial source.  Here, Plaintiff's motion concerns matters arising in this litigation

8   and fails to allege personal bias stemming from an extrajudicial source.  Accordingly, the

9   undersigned declines to refer this matter to another judge.

10      With regard to Plaintiff's arguments, the Court's denial of Plaintiff's motions for

11  injunctive relief are not a proper basis for recusal, despite Plaintiff's disagreement with

12  the Court's rulings.[1]  Although Plaintiff contends that the Court has allowed Defendant to

13  harass Plaintiff by making references to his mental state, Plaintiff has presented no

14  evidence of harassment to the Court and, although the Court understands that Plaintiff

15  contends that he feels harassed, the Court cannot act without evidence.  Finally, although

16  Plaintiff objects to the Court's warning that "harassing, coercive, argumentative,

17  threatening or similar statements to opposing counsel will not be permitted" because

18  Plaintiff finds the statement to be vague and intimidating, the statement does not show

---

20  [1] Plaintiff asserts that the Court incorrectly accepted Defendant's assertion that
21  pages 13-15 were missing from one of his motions for injunctive relief and did not credit
    Plaintiff's arguments to the contrary.  Plaintiff argues that Defendant's assertion that the
22  pages were missing was intended to "coerce the plaintiff into a 'psycological [sic] state of
    anxiety.'"  In its November 10, 2015 Order, the Court did note that three pages of
23  Plaintiff's Motion were missing.  (Doc. 151 at 2.)  The Court did not, however, rely on
24  Defendant's argument; rather, the Court cited to Plaintiff's Motion itself, Doc. 120 at 12,
    which showed the last page before the exhibits was 12 of 15.  Plaintiff did attach a
25  proposed order (Doc. 120-1) to his motion, which appears to be the last three missing
26  pages of the motion.  Although the Court did not realize that the proposed order was
    intended to be the last three pages of Plaintiff's motion, the proposed order would not
27  have changed the Court's ruling on Plaintiff's motion and the oversight does not show
28  that the undersigned has a deep-seated favoritism or antagonism that would make fair
    judgment impossible.

- 3 -

that the undersigned has a deep-seated favoritism or antagonism that would make fair judgment impossible and is not a basis for recusal.   Accordingly, Plaintiff has not presented any legally cognizable basis to suggest that the Court's impartiality might reasonably be questioned for the purposes of § 144.

**IT IS ORDERED** that "Plaintiff's § 144 Bia[s] or prejudice of judge/Affidavit" (Doc. 163) is **denied**.

Dated this 2nd day of February, 2016.


David G. Campbell
United States District Judge

- 4 -